# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RAYMOND WATISON,** | ) |
| **Plaintiff,** | ) |
| | ) NO. 1:19-cv-00088 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **TONY PARKER, et al.,** | ) MAGISTRATE JUDGE HOLMES |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Raymond Watison, a state prisoner at the South Central Correctional Facility in Clifton, Tennessee, brought a *pro se* complaint under federal and state law against Tennessee Department of Correction ("TDOC") Commissioner Tony Parker, TDOC Assistant Commissioner Bobby Straughter, Tennessee Attorney General Herbert H. Slattery, III, and sixteen employees of Core Civic. (Doc. No. 1). The Complaint was filed in the U.S. District Court for the Western District of Tennessee. (*Id.*) Plaintiff also filed an application to proceed without prepaying fees and costs (Doc. No. 2), a motion to amend (Doc. No. 3), and a motion to change venue (Doc. No. 4). The Western District granted Plaintiff's *in forma pauperis* application and motion to change venue (*see* Doc. No. 7), and this case was transferred to the docket of the undersigned. Soon thereafter, Plaintiff filed a new motion to amend. (Doc. No. 9). The Complaint is now before the Court for a ruling on the pending motion and an initial review of the Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. MOTION TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Hughes v. Tenn. Dep't*

*of Corr.*, No. 3:19-cv-00924, 2020 WL 470306, at *1 (M.D. Tenn. Jan. 29, 2020). Furthermore, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when it may be subject to dismissal under the PLRA." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Here, Plaintiff filed a motion to amend within weeks of bringing Complaint. After the case was transferred to this Court without a ruling on the motion, Plaintiff filed another motion to amend in this Court. Plaintiff has supplied a proposed amended complaint, and the changes serve to clarify the Defendants, factual allegations, and relief sought. (*See* Doc. No. 9-1). In the circumstances presented here, the Court will allow the amendment. Accordingly, Plaintiff's motion to amend (Doc. No. 9) is **GRANTED**. The Clerk **SHALL** separately docket the proposed amended complaint (Doc. No. 9-1), which now becomes the operative Complaint in this matter.

## II. IDENTITY OF DEFENDANTS

As a threshold matter, the Court addresses the identity of certain Defendants. First, pursuant to the now-operative Complaint, the Clerk **SHALL** substitute TDOC Acting Assistant Commissioner Lee Dotson for Assistant Commissioner Bobby Straughter. Mr. Straughter is **DISMISSED** from this litigation. Second, the Complaint makes clear that Plaintiff sues only the nineteen individual Defendants in their individual and official capacities, and does not directly make claims against TDOC, the State of Tennessee or Core Civic.[1] Plaintiff does not make any direct allegations about these entities, and the Complaint is directed solely at the "[D]efendants . . sued in . . . personal and official capacities." (Doc. No. 9-1 at 2). Accordingly, TDOC, the State of Tennessee and Core Civic are **DISMISSED** as individual Defendants. Going forward, the parties shall use the caption in this Order.

---

[1] It appears that these three entities were inadvertently included as Defendants on the docket by the originating court because Plaintiff included them in his hand-written caption as sub-headings designating the employers of the individual Defendants.

### III.  INITIAL REVIEW OF THE COMPLAINT

The Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether a complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true unless they are entirely without credibility. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The court determines whether those factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Iqbal*, 556 U.S. at 681 (2009)), that rises "above the speculative level." *Twombly*, 550 U.S. at 555.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

3

A preliminary examination reveals that the Complaint "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2304672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of unrelated claims against unrelated defendants in a single lawsuit. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) ("[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose. . . . And, Rule 20 does not authorize a plaintiff to 'incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.'" (quoting *Trail Realty Inc. v. Beckett*, 462 F.2d 396, 399-400 (10th Cir. 1972))); *Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017) (collecting circuit cases and explaining that the "impulse toward entertaining the broadest scope of action" does not "provide a plaintiff a free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated").

Accordingly, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (quoting *Garcia v. Munoz*, Civil Action No. 08-1648 (WJM), 2008 WL 2064476, *3 (D.N.J. 2008)). As the Seventh Circuit has cogently summarized:

4

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). . . . A buckshot complaint that would be rejected if filed by a free person . . . should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Jackson v. Swab*, No. 1:17-CV-965, 2018 WL 521457, at *2 (W.D. Mich. Jan. 23, 2018) (noting that allowing such an approach to litigation by prisoners would undermine the deterrence intended by the PLRA by allowing prisoner-plaintiffs to minimize their exposure to filing fees and "strikes" imposed pursuant to 28 U.S.C. § 1915(g)).

Here, the Complaint joins unrelated claims against unrelated Defendants, and thus is the type of "buckshot" complaint that courts "typically reject." *Tolbert*, 2017 WL 4324541, at *3 (quoting *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009)). No Defendant is named in more than one cause of the six causes of action, and the causes of action do not involve common questions. *See Staples v. Stone*, Case No. 16-cv-12367, 2017 WL 76891, at *3 (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert at least one claim to relief against each defendant that arises out of the same transaction or occurrence and presents questions of law or fact common to all"). For example, Count One alleges a "civil RICO" racketeering claim against TDOC Commissioner Parker, TDOC Acting Assistant Commission Dotson, and Attorney General Slattery based on allegations of "false financial statements" and "unlawful debt collection," while the other Counts consist of disparate claims under 42 U.S.C. § 1983 involving discrete allegations of constitutional violations (e.g., deliberate indifference to serious medical need, First Amendment retaliation) against non-

5

Case 1:19-cv-00088   Document 11   Filed 07/20/20   Page 5 of 6 PageID #: 75

overlapping prison officer Defendants. (*Id.*) The Complaint therefore fails to comply with the Federal Rules of Civil Procedure and impermissibly complicates coherent litigation of this case.

Accordingly, Plaintiff **MUST** file a second amended complaint within **30 DAYS** of the date of this Order, in which he does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert any claims he has against a single defendant but no other claims, <u>or</u> he can assert all the claims he has against multiple defendants that arise from the <u>same</u> incident or series of related incidents but no other claims. *See King*, 2020 WL 2404672, at *3. If Plaintiff wishes to pursue other claims or defendants outside that limited scope of his second amended complaint, he must do so by filing separate lawsuits. In effect, "if Plaintiff wants to litigate all the claims raised in the current Complaint, he must file multiple separate lawsuits to do so." *Id*.

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form, which he may use in drafting his second amended complaint. Plaintiff **MUST** include the docket number for this case – No. 1:19-cv-00088 – on his second amended complaint.

Plaintiff is warned that failure to comply with this Order within the time provided, or to timely request additional time to do so, may result in action by the Court, including potential dropping of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the Court's order. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE